UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER DE LA TORRE HERRERA (A# 094-806-725),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No.  1:26-cv-05307 DAD SCR

ORDER

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to the undersigned by operation of 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner initiated this action by filing a § 2241 petition on July 10, 2026.  ECF No. 1. Petitioner identifies it as a "protective companion" to his other immigration habeas action currently pending in the Middle District of Florida, Javier De La Torre Herrera v. Warden, Baker County Detention Center, et al., No. 3:26-cv-00292 WWB PDB (M.D. Fla.).  Id. at 9-10.  A review of the docket in the Middle District of Florida action shows that Petitioner filed the petition on February 11, 2026, and that the matter is fully briefed.[1]  Petitioner explains that the

---

[1]  The undersigned takes judicial notice of the Middle District of Florida docket.  Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed

1

instant petition "preserves [his] habeas rights in the district of his current physical confinement," and requests that the undersigned "transfer this matter to the Middle District of Florida for consolidation with the Florida Petition" pursuant to 28 U.S.C. § 1404, or in the alternative, "exercise jurisdiction and grant relief on the merits." Id. at 10.

In light of Petitioner's request, and as a matter of docket management and avoiding potentially inconsistent rulings on behalf of petitioners with cases pending in other districts, the undersigned will consider whether transfer of this action is appropriate under the "first-to-file" rule. See Laws. Funding Grp., LLC v. Dale Alan Harris, Esq., No. CV 15-04059 MMM (EX), 2015 WL 13298145, at *12 (C.D. Cal. Sept. 18, 2015) ("A court may transfer an action under the first-to-file rule . . . either *sua sponte*, or upon motion of party."); WCDS Buyer, Inc. v. Sohrab, No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." (quoting Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)). Under this judicially created "doctrine of federal comity," a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." In re Bozic, 888 F.3d 1048, 1052 (9th Cir. 2018) (quoting Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)).

When applying the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (citing Alltrade, Inc. v. Uniweld

---

matters of public record including documents on file in federal or state courts).

Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991)).  Here, the first requirement is met because Petitioner initiated the first-filed action some five months before this case.  Moreover, the first-filed action is much further along with a potentially imminent ruling on the merits.  Regarding similarity of the parties, "the first-to-file rule does not require exact identity" but rather "only substantial similarity of parties."  Kohn L. Grp., Inc., 787 F.3d at 1240-41 (collecting cases).  In each of his cases, Petitioner names the Warden of the facility where he was detained at the time, making them substantially similar for purposes of this rule.  Finally, Petitioner seeks relief pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) in both petitions, and acknowledges here that the issues presented are identical.  See ECF No. 1 at 12 (noting that the "full factual and procedural record has been developed in Florida," and requesting transfer there "[i]n the interest of judicial economy and to avoid inconsistent rulings[.]").

Accordingly, consistent with the analysis above and in consideration of Petitioner's request, the undersigned hereby transfers this action to the Middle District of Florida pursuant to the first-to-file rule.  Because the Court transfers the action based on the first-to-file rule, it need not separately address whether transfer is also appropriate under 28 U.S.C. § 1404.  Tompkins v. Basic Rsch. LL, No. CIV. S 08-244 LKK DAD, 2008 WL 1808316, at *5, n.10 (E.D. Cal. Apr. 22, 2008).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that this matter be transferred to the United States District Court for the Middle District of Florida.

DATED: July 23, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3